UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAUL SAN ROMAN, an individual,

      Plaintiff,

vs.                                       CASE NO.: 2:25-cv-156

LIST DISTILLERY, LLC, a Florida
limited liability company, THOMAS
LIST, individually, and RENATE LIST,
individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Raul San Roman ("Plaintiff"), by and through undersigned counsel, sues Defendants, List Distillery, LLC ("List Distillery"), Thomas List ("T. List") and Renate List ("R. List") (collectively, "Defendants") and alleges as follows:

### INTRODUCTION

1.  This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the events or omissions giving rise to these claims occurred within Fort Myers, Florida,

Page 1 of 6

and thus within the jurisdiction of the Court and as List Distillery's principal address is in Fort Myers, Florida.

## PARTIES

4.     Plaintiff was and is a resident of Lee County, Florida. At all times pertinent, Plaintiff worked for Defendants, who were based in Lee County, Florida.

5.     Defendant List Distillery is a Florida limited liability company conducting business in Lee County, Florida and subject to the requirements of the FLSA. Defendant List Distillery is an alcohol distillery based in Fort Myers, Florida, specializing in the production of small-batch, handcrafted spirits under the brand name Mr. Tom's Spirits. List Distillery has a diverse portfolio, which includes production of vodka, gin, rum, bourbon, whiskey and cream liqueurs. List Distillery sells their products through Florida and in New York. They also ship their products nationally. Notably, they offer the United States' first certified 100% sugar and gluten free vodka, as well as the world's only certified 100% sugar and gluten free gin. List Distillery also offers tours of its facility to the public and maintains a gift shop with items and liquor for sale to the public. List Distillery advertises nationally and offers tours through Groupon. Defendant List Distillery is an enterprise engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

6.     Defendant T. List was and is an individual who owned and operated List Distillery who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and

operations. By virtue of having regularly exercised that authority on behalf of Defendant List Distillery, and over Plaintiff, Defendant T. List is an employer as defined by 29 U.S.C. § 201 *et seq.*

7.      Defendant R. List was and is an individual who owned and operated List Distillery, who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant List Distillery, and over Plaintiff, Defendant R. List is an employer as defined by 29 U.S.C. § 201 *et seq.*

7.      At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## **GENERAL ALLEGATIONS**

8.      Defendants employed Plaintiff as an hourly accountant. Plaintiff worked for Defendants in this capacity for about six (6) months through on or about January 2, 2025.

9.      Defendants compensated Plaintiff for his work on an hourly basis at a rate of $27.00 per hour.

10.      During his employment with Defendants, Plaintiff was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours Plaintiff worked.

11.     Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendants.

12.     Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours. During the employment, Defendants only compensated Plaintiff for the first 40 hours he worked in a week. Defendants failed to pay Plaintiff any overtime compensation for overtime hours worked, as the FLSA requires.

13.     Near the start of Plaintiff's employment, Defendants represented they would pay Plaintiff for his overtime hours when able to do so, but Defendants failed to ever make good on this promise.

14.     The records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession and custody of Defendants.

15.     Plaintiff was forced to retain counsel to pursue these claims and is obligated to pay counsel a reasonable attorneys' fee and costs.

## COUNT I
### (Overtime Compensation Due Under The FLSA)

16.     Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 15 above.

17.     Defendants failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

18.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     accept jurisdiction over this action;

b.     award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c.     award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

d.     award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e.     entry of final judgment against Defendants;  and

f.     award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

*s/ Bradley P. Rothman*
Bradley P. Rothman, Esq.
Florida Bar No.: 0677345
brothman@weldonrothman.com
Morgan B. Jones, Esq.
Florida Bar No.:1035318
mjones@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*
