UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAUL SAN ROMAN, and individual,

       Plaintiff,

v.                                    Case No:  2:25-cv-00156-JES-DNF

LIST DISTILLERY, LLC, a Florida limited liability company, THOMAS LIST, individually, and RENATE LIST, individually,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of cross-motions for summary judgment (Docs. ## 36, 39) filed on March 27, 2026. Defendants, List Distillery, LLC ("List Distillery"), Thomas List, and Renate List (collectively "Defendants") filed a Motion for Final Summary Judgment (Doc. #36) to which Plaintiff, Raul San Roman ("Roman") filed his Response in Opposition (Doc. #42) and Defendants filed their Reply (Doc. #45).  Roman filed his Motion for Partial Summary Judgment (Doc. #39) to which Defendants filed a Response in Opposition (Doc. #43) and Roman filed his Reply (Doc. #44).  For the reasons stated below the motions are denied.

**I.**

"Summary judgment is appropriate where the evidence 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Mendoza v. Sec'y, Dep't of Homeland Sec., 851 F.3d 1348, 1352 (11th Cir. 2017)(quoting Fed. R. Civ. P. 56(a)).  "An issue of fact is material if it has the potential to affect the resolution of the case under the applicable legal principles.  And a fact is genuinely in dispute if, taking the record as a whole, a rational trier of fact could find in favor of the nonmoving party."  Athos Overseas Ltd. Corp. v. YouTube, Inc., 162 F.4th 1330, 1336–37 (11th Cir. 2026)(citations omitted).  In ruling on a motion for summary judgment, a court views all evidence and draws all reasonable inferences in favor of the non-movant.  See Scott v. Harris, 550 U.S. 372, 378 (2007); VHV Jewelers, LLC v. Wolf, 17 F.4th 109, 114 (11th Cir. 2021).  On cross-motions for summary judgment the Court views the facts in the light most favorable to the nonmoving party on each motion.  Daniels v. Exec. Dir. of Fla. Fish & Wildlife Conservation Comm'n, 127 F.4th 1294, 1301 (11th Cir. 2025); Signor v. Safeco Ins. Co. of Illinois, 72 F.4th 1223, 1227 (11th Cir. 2023.)

**II.**

The undisputed material facts are as follows:

List Distillery is a distillery located in Fort Myers, Florida owned and operated by Thomas List and Renate List.  Renate List is the Chief Financial Officer of the company who is responsible for handling the payroll.  Thomas List is the "Owner/Visionary."

Roman began his employment with List Distillery as an accountant, where he was paid $27.00/hour.  Roman maintained this position from June 17, 2024, to on or about January 20, 2025.  In this role, Roman was tasked with cleaning up accounting matters from 2023 in the QuickBooks software.  This work required him to work alongside a Certified Public Accountant Jennifer Roth at St. Clair Advisory Group.

Defendants regularly paid Roman for 40 hours of work each week.  However, neither Roman nor the Defendants kept any records reflecting the amount of time Roman spent working.[1]  Roman now contends he regularly worked overtime for which he was not compensated.

---

[1] The parties dispute why records were not kept.  Roman asserts he had an agreement with Renate List that he no longer needed to use the clock to clock-in even after notifying the Defendants he would need to work overtime.  (Doc. #39-1, ¶¶ 6-10.)  Defendants, however, state no such agreement was reached and instead informed Roman he needed to regularly clock-in.  (Doc. #44-1, ¶¶ 5-6, 9-13; Doc. #44-2, ¶¶ 5-6, 9-11.)  Defendants further contend that Roman informed them that clocking-in was not necessary, because he did not expect to work more than 40 hours a week ever.  (Doc. #44-1, ¶¶ 5-6, 9-13; Doc. #44-2, ¶¶ 5-6, 9-11.)

### III.

Under the FLSA, an employer cannot employ an employee for a workweek longer than forty hours, unless the employee receives overtime compensation at a rate "not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).   It is irrelevant whether the employer asked the employee to do the work or the reason the employe performed the work.  See Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007).  To succeed on an FLSA claim, a plaintiff must prove that: (1) he worked overtime without compensation; and (2) the defendant knew or should have known of the overtime work.  Id. at 1314-15 (citing Reich v. Dep't of Conservation & Nat. Res., 28 F.3d 1076, 1081-82 (11th Cir. 1994)).

Roman argues that he is entitled to summary judgment because: (1) he "regularly worked hours in excess of forty (40) in a workweek;" and (2) Defendants had actual or constructive knowledge of the overtime worked since Roman "advised Defendants in the first week of employment that overtime would be necessary" before being told "the company could not pay overtime at the moment but would pay later."[2]   (Doc. #39, pp. 6-8.)   Defendants argue they are

---

[2] Roman also presents a counterargument in his motion that the Court will not address, as the Defendants do not argue that Roman waived or deferred overtime compensation.  (Doc. #39, pp. 10-11.)

entitled to summary judgment because Roman lacks evidence establishing any overtime work was completed. (Doc. #36, pp. 5-8.) Neither party, however, is entitled to summary judgment.

### A.   Genuine Issues of Material Fact Exist Regarding the Number of Hours Roman Worked

While Roman bears the burden to prove he worked overtime without compensation, Defendants had the duty "to keep records of the employee's wages, hours, and other conditions and practices of employment." See Allen, 495 F.3d at 1315 (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). Where the employer fails to keep proper and accurate records and an employee lacks convincing substitutes, an employee can carry his initial burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of work as a matter of just and reasonable inference." Id. at 1316 (citing Mt. Clemens, 328 U.S. at 687). Once the employee meets their burden, the employer then "must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." Id. (citing Mt. Clemens, 328 U.S. at 687-88). Only where the employer fails to produce this evidence may a court award damages, even if only approximate. Id. (citing Mt. Clemens, 328 U.S. at 688). Here,

both parties have met their separate burdens to preclude summary judgment.

It is undisputed that Defendants lack records reflecting the hours Roman worked.[3]  Since Defendants failed to keep these records, Roman can carry his initial burden by producing sufficient evidence showing he performed work he was improperly compensated for and the amount and extent of work as a "matter of just and reasonable inference."  Allen, 495 F.3d at 1316.

Roman carries this initial burden by providing a rough estimate of hours he worked alongside his paystubs reflecting payment for 40 hours a week.  From June 17, 2024, to July 5, 2024, Roman worked from 7:00am to 6:00pm on Monday, Tuesday, Wednesday, and Friday, but from 7:00am to 3:00pm on Thursdays.[4]  (Doc. #39-1, pp. 2-3.)  This is approximately 52 hours, where 12 of those hours were not compensated — except for the week of July 4.  From July 8, 2024, to August 16, 2024, Roman worked from 7:00am to 11:00pm on Monday through Thursday, but from 7:00am to 6:00pm on

---

[3] While it is true Defendants lack these records, the Court will not enter an order stating that this fact will be treated as established under Rule 56(g).  Further, Plaintiff misconstrues Mt. Clemens to be a burden-shifting framework about damages rather than liability and damages.  Simply because an employer fails to keep records does not automatically mean they are liable under the FLSA, as the Plaintiff still must carry his burden that he worked overtime.  Allen, 495 F.3d at 1316.

[4] Since List Distillery was closed on July 4, 2024, Roman did not work on July 4, 2024.

Fridays.  (Id.)  This is approximately 75 hours, where 35 of those hours were not compensated.  Finally, from August 19, 2024, to November 1, 2024, Roman worked from 7:00am to 3:30pm Monday through Friday.  (Id.)  This is approximately 40.5 hours, where half an hour was not compensated.  Additionally, Roman provides various e-mails showing communication at various times, some of which occurred outside of regular work hours.  (Doc. #42-2, pp. 1, 4, 8, 13.)  These facts, if true, permit a reasonable jury to conclude that Roman worked overtime for which he was not compensated.

Defendants, however, also carry their burden that negates the reasonableness of the inference drawn by Roman's evidence. Specifically, Renate List and Thomas List both present in their affidavits that Roman "was gone from the office practically every day *by* 3:30pm," "did not work Friday's early on when he was still living in Miami," and "took breaks during work hours. . .."  (Doc. #44-1, p. 5; Doc. #44-2, pp. 3-4 (emphasis added).)  If true, these facts permit a reasonable jury to conclude Roman did not work overtime, as the general timeline failed to account for these activities.

Since a reasonable jury could find for either party, under these facts a genuine issue of material fact precludes the grant

of summary judgment to either party.  Accordingly, both motions for summary judgment are denied.[5]

Accordingly, it is now

**ORDERED:**

(1)  Defendants' Motion for Final Summary Judgment (Doc. #36) is **DENIED.**

(2)  Plaintiff's Motion for Partial Summary Judgment as to Liability Under the FLSA and Defendants' Failure to Keep Time Records (Doc. #39) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[5] Defendants' motion (Doc. #36) only argues that Roman lacks the evidence of sufficient specificity to meet his burden regarding working overtime, so the Court will not analyze whether Defendants are entitled to summary judgment as to actual or constructive knowledge.

-8-